IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN LEE EDWARDS,
    Plaintiff,

vs.                                  Case No. 3:08cv561/LAC/EMT

CAROLYN SUE MANNING, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Third Amended Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 14). Leave to proceed in forma pauperis has been granted (Doc. 6).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). Upon review of the amended complaint, the court concludes that dismissal of one Defendant is warranted.

Plaintiff names two Defendants in this action: Carolyn Sue Manning, Senior Registered Nurse Supervisor at Century Correctional Institution (CCI), and Dr. Albert Yu, Head Physician at CCI (Doc. 14 at 1, 2). Plaintiff claims that Defendants violated his Eighth Amendment rights by depriving him of adequate treatment for his injured finger. Plaintiff alleges the following facts in support of his claims. On January 25, 2006, Plaintiff was attacked by another inmate, which resulted in an injury to the fourth finger of Plaintiff's right hand (*id.* at 5). The same day, Plaintiff informed Nurse Jordan, who is not a named Defendant, that he injured his finger, and he showed her a cut on the finger (*id.*). The next day, Plaintiff informed another nurse about the injury and showed her his finger (*id.*). Both nurses responded that his finger would be fine (*id.*). Plaintiff states he believed their advice because his finger appeared to be "okay" (*id.*).

More than two months later, on March 30, 2006, Plaintiff's finger became painful and began to swell and slightly disfigure (*id.*). Plaintiff placed a makeshift splint around his finger and went to the medical department, where he spoke with Nurse Manning (*id.*). Plaintiff told Nurse Manning that his finger was painful, beginning to disfigure, and he suspected it was broken (*id.*). Nurse Manning looked at his finger and advised Plaintiff not to wear the splint because it appeared the joint was merely swollen (*id.* at 5–6). Nurse Manning scheduled an appointment for Plaintiff to see Dr. Yu, which occurred four (4) days later, on April 3, 2006 (*id.*).

Plaintiff informed Dr. Yu that his finger was swollen, he was in severe pain, and he suspected his finger was broken (*id.* at 6). Dr. Yu looked at the finger and slightly touched it (*id.*). He then prescribed a pain reliever and antibiotic (*id.*). Dr. Yu did not order x-rays (*id.*). Plaintiff told Dr. Yu that Nurse Manning had advised him to remove the splint, but he was experiencing more pain without the splint, but Dr. Yu did not provide him with a splint (*id.*).

Plaintiff states nearly one year later, on March 2, 2007, an x-ray of his finger was taken, which revealed scar tissue around the bone, but Plaintiff was told that the finger was not broken (*id.* at 8). On April 2, 2007, Plaintiff complained of pain, swelling, and disfigurement of his finger to "the medical staff," and he requested another x-ray (*id.*). The medical staff did not act on his request (*id.*). On July 12, 2007, Plaintiff filed an informal grievance with Nurse Manning, complaining that

the medical staff was not doing enough to determine the cause of the continuing disfigurement of his finger (*id.* at 9). Plaintiff was sent to Lake Butler Reception and Medical Center, where another x-ray was taken on August 8, 2007 (*id.* at 8–9). Plaintiff was told that his finger was broken, and the tendons had constricted to a point that the finger was permanently damaged (*id.*).

Ten (10) months later, on June 12, 2008, Plaintiff underwent surgery on his finger by Dr. Ong (*id.* at 9). On October 15, 2008, Dr. Ong informed Plaintiff that the only way his finger could be straightened was to break it again, but the finger would be permanently "straighten[ed] outward" (*id.*). Dr. Ong told Plaintiff that had it not been for the delay in diagnosis and treatment of the broken finger, the finger would not have become disfigured because the bones would have healed properly and the tendons would not have constricted if the finger had been placed in a splint (*id.*). Plaintiff states that his finger continues to cause him pain (*id.*).

Plaintiff claims that Nurse Manning deprived him of adequate medical care by denying him immediate access to a doctor and ordering him to remove the homemade splint (*id.* at 6, 8). He asserts that if Nurse Manning had allowed him immediate access to a doctor, there is a possibility the doctor would have scheduled an immediate x-ray and prescribed a splint (*id.* at 8). Plaintiff claims that Dr. Yu did deprived him of adequate medical care by failing to determine whether Plaintiff's finger was broken during the April 3, 2006, consultation (*id.* at 8). Plaintiff claims that Defendants' conduct violated the Eighth Amendment (*id.* at 7). As relief, Plaintiff seeks compensatory and punitive damages for pain, suffering, and mental anguish (*id.*).

It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the

minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical

judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, despite the court's previously advising Plaintiff that the factual allegations in his Second Amended Complaint failed to suggest a basis for liability as to Nurse Manning (*see* Doc. 13), Plaintiff has included Nurse Manning as a Defendant in his Third Amended Complaint and repeated essentially the same allegations. Plaintiff asserts that Nurse Manning was first informed of Plaintiff's injured finger on March 30, 2006. At that time, she examined Plaintiff's finger, made an initial assessment of his injury, and made an appointment for him to be examined by a doctor, which occurred only four days later. This response was not so deficient as to constitute "an unnecessary and wanton infliction of pain." Furthermore, even though Nurse Manning was incorrect in her initial assessment of the injury, erroneously advised Plaintiff to remove the makeshift splint, and did not provide him immediate access to a doctor, these facts do not suggest that Nurse Manning was subjectively aware that this conduct created a risk of serious harm to Plaintiff, especially since she scheduled him to see a doctor, whom he saw only four (4) days later. Moreover, these facts do not suggest that her conduct rose the level of more than mere negligence.

Additionally, when Plaintiff filed a grievance with Nurse Manning more than one year later on July 12, 2007, complaining that his finger had not been properly treated, he was sent to Lake Butler Medical Center for a second x-ray (the first one occurred in March of 2007), which was a reasonable response to Plaintiff's complaint. Plaintiff's factual allegations fail to suggest that the subjective component of the Eighth Amendment standard is satisfied; therefore, his claim against Nurse Manning should be dismissed, and she should be dismissed as a Defendant from this action.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claim against Carolyn Sue Manning be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Carolyn Sue Manning be **DISMISSED** from this action.

2. That this case be remanded to the undersigned for further proceedings on Plaintiff's claim against Dr. Yu.

At Pensacola, Florida, this 18th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**