IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WARREN LEE EDWARDS,
    Plaintiff,

vs.                                     Case No. 3:08cv561/LAC/EMT

ALBERT YU,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended motion for entry of default and related motion for summary judgment (Docs. 52, 41).[1] Plaintiff seeks entry of a default and summary judgment against Defendant on the ground that Defendant failed to file a timely response to the Third Amended Complaint. Defendant responded in opposition to the motions (Doc. 53), and Plaintiff filed a reply (Doc. 54).

In part, Rule 55 provides:

> **(a)**     **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b)**     **Entering a Default Judgment**.
>
> > **(1)**     **By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .

---

[1] Plaintiff filed a motion for default on April 5, 2010 (Doc. 39) and subsequently amended the motion four times (Docs. 42, 43, 48, 52).

    **(2)** **By the Court**. In all other cases the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

        **(A)** conduct an accounting;
        **(B)** determine the amount of damages;
        **(C)** establish the truth of any allegation by evidence; or
        **(D)** investigate any other matter.

Fed. R. Civ. P. 55. Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

    In the instant case, all of the necessary elements of default are not present. Most importantly, there is no evidence that Defendant failed to defend this action. This court ordered Defendant to respond to the complaint within sixty (60) days of receipt of the summons (*see* Doc. 23, ¶¶ 2, 8). The record shows that Defendant was served with process on October 1, 2009 (*see* Doc. 25); thus, the deadline for defending this action was November 30, 2009. Prior to that date, the court issued a scheduling order setting the deadline for filing dispositive motions as March 25, 2010 (20 days after the close of discovery) (Doc. 27, ¶ 8). On November 30, 2009, Defendant filed a motion to stay the proceedings, arguing that he was unable to respond to Plaintiff's allegations of denial of adequate medical treatment because Plaintiff refused to authorize release of his medical records (Doc. 29). Despite the court's order directing Plaintiff to respond to the motion, Plaintiff did not do so (*see* Docs. 30, 31). On December 23, 2009, the court granted Defendant's motion in part; the court granted the motion to the extent that Plaintiff was required to execute a release of his medical records, but the court denied Defendant's request for a stay, advising Defendant that if Plaintiff's delay in executing the release necessitated an extension of the deadlines set forth in the scheduling order, he could seek extension of the deadlines (Doc. 31). On March 23, 2010, Defendant requested a thirty-day extension to file a motion for summary judgment (Doc. 36). The court granted the

motion and extended the deadline to April 26, 2010 (Doc. 37). On April 26, Defendant filed an alternative motion to dismiss or for summary judgment (Doc. 45).

The history of this case demonstrates that Defendant has not failed to defend this action. Therefore, Plaintiff's amended motion for entry of default and related motion for summary judgment should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's amended motion for entry of default and motion for summary judgment (Docs. 52, 41) be **DENIED**.

At Pensacola, Florida, this 28th day of June 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**